# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

CASA BLANCA/SANIBEL CONDO ASSN
AND/OR ALL UNIT OWNERS ATIMA

    Plaintiff

v.

                                       Case No.:

HARTFORD INSURANCE
COMPANY OF THE MIDWEST

    Defendant.

_____

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, CASA BLANCA/SANIBEL CONDO ASSN AND/OR ALL UNIT OWNERS ATIMA (hereinafter CASA BLANCA or PLAINTIFF), by and through its attorneys Freundlich and Littman, LLC, and for the relief hereinafter requested, alleges as follows:

## JURISDICTION

1. This action arises under the *National Flood Insurance Act*, as amended, 82 Stat. 582, 42 U.S.C. Section 4001, *et seq.*, pursuant to the insurance contract issued to the Plaintiff as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely 42 U.S.C. Section 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331.

## VENUE

2.  The property made the basis of this action is located at 312 Periwinkle Way, Sanibel, Florida, 33957 (hereinafter referred to as the "insured property"). The insured property is situated in the Middle District of Florida, Fort Myers Division, and venue is proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

## PARTIES

3.  The Plaintiff, CASA BLANCA, is a corporation who was, and still is, the owner of the insured property and has been at all times material to the allegations set forth in the Complaint.

4.  The Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST (hereinafter referred to as HARTFORD or Defendant), is a private flood insurance company which is qualified to do business in the State of Florida. HARTFORD issued a Standard Flood Insurance Policy (SFIP) to the Plaintiff. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), HARTFORD is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the policy.

## FACTUAL ALLEGATIONS

5.  On February 4, 20222 HARTFORD issued two SFIPs to Plaintiff, namely, Policy No. 0166239903 and  99016623992020 WEST building and 0166240003 and 99016624002020 EAST building for a one (1) year period, whereby HARTFORD agreed to pay the Plaintiff for direct physical loss to the insured property caused by or from a "flood" as defined by the policy. (A true and correct copy of the Policy is attached herein as **Exhibit "A"**).

6.  Plaintiff paid the premium charged by HARTFORD for the coverages afforded pursuant to the terms of the policy and the policy was in full force effect on the date of loss.

7. On or about September 28, 2022, the aforementioned insured property sustained damage as a result of flooding from Hurricane Ian, which caused substantial property damage and further insured losses.

8. The expenses necessary to make all repairs amounts to approximately $484,837.20 to the WEST building and $530,858.94 to the East building.

9. CASA BLANCA submitted a timely claims (398737 (West) and 398735 (East)) to HARTFORD for the alleged damages and have met all conditions precedent to the filing of a lawsuit.

10. Damage, as a result of a flood, was a covered cause of loss pursuant to the terms and conditions of the insurance policy issued by FEMA.

11. The proof of loss detailing the losses were received by HARTFORD in compliance with the terms of the SFIP.

12. Despite multiple attempts by CASA BLANCA to move the claim toward resolution, HARTFORD has repeatedly failed honor its policy and indemnify Plaintiff for their loses.

### COUNT I - BREACH OF CONTRACT
### (HARTFORD PRIME INSURANCE COMPANY)

13. Plaintiff adopts and incorporates into this Count the allegations set forth in 1 through 12.

14. Damage, as a result of a flood, was a covered cause of loss pursuant to the terms and conditions of the insurance policy issued by FEMA.

15. CASA BLANCA submitted a timely claim to FEMA for the alleged damages and have met all conditions precedent to the filing of a lawsuit.

16. CASA BLANCA submitted an estimate of the damages and a sworn statement in proof of loss outlining a dispute as to the proper actual cash value.

17. HARTFORD has breached its insurance contract with CASA BLANCA by constructively denying Plaintiff's claim for damages.

18. HARTFORD has breached its insurance contract with CASA BLANCA by failing and refusing to tender all insurance proceeds due and owing as a result of the covered loss.

19. HARTFORD has further breached its insurance contract with CASA BLANCA by failing and refusing to adjust all losses with its insured as required by the policy.

20. As a result of HARTFORD's breach of contract, CASA BLANCA has been deprived of the coverages and other benefits afforded to it under the insurance policy.

21. CASA BLANCA has complied with all conditions required to be performed, and/or has been excused from performance of any conditions by the conduct of HARTFORD, and/or said conditions have otherwise been waived.

WHEREFORE, the Plaintiff, CASA BLANCA, demands judgment against the Defendant, HARTFORD PRIME INSURANCE COMPANY, for actual damages, interest, costs, and any other relief this Court deems appropriate.

Respectfully submitted this 26th day of September, 2023.

**Freundlich & Littman, LLC**

By: *Gregory C Littman*
Gregory C. Littman, Esquire (I.D. # 1021174)

Freundlich & Littman, LLC
80 S.W. 8th Street
Suite 2000
Miami, FL 33130
215-545-8500